(January 30, 1924.)

NAMPA & MERIDIAN IRRIGATION DISTRICT, Plaintiff and Respondent, v. DANIEL L. BARKER, Defendant and Appellant, and CAREY A. HEAD, Defendant and Respondent.

[223 Pac. 529.]

IRRIGATION DISTRICTS—DELINQUENT ASSESSMENTS—PENALTY — INTEREST—STATUTORY CONSTRUCTION—ONE STATUTE REFERRING TO ANOTHER—REFERENCE TO PARTICULAR STATUTE—REFERENCE TO GENERAL LAW—RETROSPECTIVE EFFECT—INTENTION OF LEGISLATURE.

1. Where one statute adopts the particular provisions of another by specific reference, it adopts the second statute as it exists at the time of adoption and not subsequent amendments of it.

2. Where one statute adopts, not another particular statute or section, but the general law governing a subject, it adopts the law governing that subject at the time the exigency arises to which the law is to be applied.

3. A statute is not to be construed as retrospective unless such intention on the part of the legislature is clearly expressed.

APPEAL from the District Court of the Third Judicial District, for Ada County. Hon. Raymond L. Givens, Judge.

Agreed case as to proper penalty for delinquent irrigation district assessments. *Judgment affirmed.*

---

Publisher's Note.

Necessity of benefits to property to sustain assessment for local improvement, see notes in 68 **Am. St.** 716; 82 **Am. St.** 457; 3 Ann. Cas. 11; 14 **L. R. A.** 755; **L. R. A.** 1918E, 190.

F. E. Chalfant, for Appellant.

This case is governed by C. S., sec. 4390, relating to irrigation districts, originally enacted in 1903, and re-enacted as part of the Compiled Statutes in 1919.

Hugh E. McElroy and Davidson & Davison, for Respondents.

C. S., sec. 4390, provides that the penalty charged by irrigation districts for delinquent taxes shall be "as provided for delinquent state and county taxes."

Neither by express statute nor by reference to the general law is any provision made for interest on delinquent irrigation district taxes. Provision is made only for "a penalty." (C. S., sec. 3249.)

This law relates to the redemption from sales made to the county by "delinquency entries" under C. S., sec. 3246, and corresponds to the provision for redemption from irrigation district tax sales by payment of one per cent per month from date of sale, found in sec. 4401, C. S.

O. E. McCutcheon, *Amicus Curiae.*

It is competent for the legislature, unless restrained by constitutional provision, to incorporate into the body of an act the provisions of a prior act. (36 Cyc. 969, 970, 1152.)

"Where, however, the adopting statute makes no reference to any particular act by its title or otherwise, but refers to the general law regulating the subject in hand, the reference will be regarded as including, not only the law in force at the date of the adopting act, but also the law in force when action is taken or proceedings are resorted to." (*Culver v. People,* 161 Ill. 89, 43 N. E. 812; *Briscoe v. Rich,* 20 Utah, 349, 58 Pac. 837.)

Richards & Haga, *Amici Curiae.*

The 1903 legislature in the irrigation district act incorporated the then existing provisions of law as to penal-

ties for delinquent county and state taxes and did not intend to leave those penalties subject to such changes from time to time as might be made in the law relating to state and county taxes. This conclusion is strengthened by reference to the constitutional provisions as to amendment of statutes and the purpose of such provisions. Certainly no irrigation district could antitcipate that the fundamental law governing it could be changed and amended as radically as it has been without any reference to such law in the amending act.

·McCARTHY, C. J.—Respondent, an irrigation district, is under the duty of collecting penalties for the nonpayment of its assessments, but is in doubt as to the proper measure of such penalties. Defendant Carey A. Head is a land owner in the district, whose assessment for 1922 is delinquent, and whose lands must be sold as required by law. Defendant and appellant Daniel A. Barker is a land owner in the district, who has paid his assessment and insists upon strict compliance with the law. The parties submitted an agreed case to the district court in accordance with the provisions of C. S., secs. 7305 and 7307. The questions submitted to the court are as follows:

1. What penalty should the plaintiff (the district) include with the delinquent taxes of the defendant, Carey A. Head, on account of his delinquent taxes for the year 1922?

2. Shall plaintiff (the district) include with said delinquent taxes of the defendant, Head, interest from date of delinquency to date of tax sale and if so, how much or what rate?

3. Is the penalty on the 1922 taxes of plaintiff (the district) governed by the act of the legislature for 1923 appearing as chapter 45 of the Session Laws or by the law prior thereto?

The trial court decided: (1) that respondent district should collect a penalty of six per cent on account of the delinquent taxes of the respondent Carey A. Head for

1922, (2) that it should not collect any interest from the date of delinquency to date of tax sale, (3) that chapter 45 of the Session Laws for 1923 does not apply to the assessments for 1922. It enjoined the respondent district from collecting as part of respondent Head's assessment for 1922 any penalty or interest except a six per cent penalty. The defendant Daniel A. Barker appeals from this judgment, and specifies as errors (1) the conclusion of the court that the penalty for 1922 was six per cent, (2) the conclusion of the court that an interest charge of ten per cent should not be made from the date of delinquency to sale, and (3) the judgment enjoining respondent district from charging any greater penalty than six per cent or any interest.

The section of the statutes which governs the penalty for delinquent irrigation assessments is C. S., sec. 4390, the pertinent part of which is as follows:

" .... If any such assessment becomes delinquent the treasurer shall collect the same with the penalties added, as provided for delinquent county and state taxes."

This section was formerly sec. 29 of the Irrigation District Act of 1903, Laws 1903, p. 172. It was amended, Laws 1907, p. 502, re-enacted R. C., sec. 2413, and re-enacted C. L., Ibid., but the above provision has remained unchanged. At the time it was first drafted, the penalty for delinquent state and county taxes was ten per cent, Laws 1901, sec. 95, p. 270, sec. 103, p. 271. These provisions were re-enacted as secs. 1731 and 1737 of the Revised Codes of 1909. The tax laws of the state were materially changed in 1912 and 1913, and in 1915 the penalty for delinquent state and county taxes was reduced to six per cent (Laws 1915, p. 177). By the Laws of 1923, p. 49, the penalty for county and state taxes was further reduced, to two per cent.

When C. S., sec. 4390, was enacted as a part of the irrigation district law of 1903, did the legislature intend to adopt, as the penalty for delinquent irrigation district assessments, the ten per cent penalty which then obtained

for delinquent state and county taxes under the existing statute, or did it intend to adopt the general law governing the penalty for delinquent state and county taxes as it might exist from time to time? · The general rule of construction is stated in Lewis' Sutherland on Statutory Construction, sec. 405, as follows:

"Where one statute adopts the particular provisions of another by a specific and descriptive reference to the statute or provisions adopted, the effect is the same as though the statute or provisions adopted had been incorporated bodily into the adopting statute. When so adopted, only such portion is in force as relates to the particular subject of the adopting act, and as is applicable and appropriate thereto. Such adoption takes the statute as it exists at the time of adoption and does not include subsequent additions or modifications of the statute so taken unless it does so by express intent. . . . .

"There is another form of adoption wherein the reference is, not to any particular statute or part of a statute, but to the law generally which governs a particular subject. The reference in such case means the law as it exists from time to time or at the time the exigency arises to which the law is to be applied. The supreme court of Illinois says: 'Where, however, the adopting statute makes no reference to any particular act by its title or otherwise, but refers to the general law regulating the subject in hand, the reference will be regarded as including, not only the law in force at the date of the adopting act, but also the law in force when action is taken, or proceedings are resorted to.' " (*Culver v. People,* 161 Ill. 89, 43 N. E. 812.)

See, also, *Jones v. Dexter,* 8 Fla. 276; *Ku ˮʳ's Appeal,* 55 Pa. St. 123; *Harris v. White,* 81 N. Y. 532; *Snell v. City of Chicago,* 133 Ill. 413, 24 N. E. 532, 8 L. R. A. 858; *Bump v. Jepson,* 100 Mich. 641, 64 N. W. 509; *Newman v. City,* 7 Wash. 220, 34 Pac. 921. The statute in question clearly falls within the second class mentioned in the above quotation. It does not refer to any specific act

or section, but to the law generally governing the penalties for delinquent state and county taxes. The unpaid assessments for 1922 became delinquent on the third Monday of December of that year. The statute then in force made the penalty for delinquent state and county taxes six per cent. That was also the penalty for delinquent irrigation district assessments at that time. The trial court correctly held that the penalty on the delinquent assessments for 1922 was six per cent.

There is no provision in the statutes governing irrigation districts which authorizes the collection of interest on delinquent assessments prior to sale. Therefore none may be collected and the trial court was correct in so holding.

No statute should be construed to be retroactive or retrospective unless such intention on the part of the legislature is clearly expressed. (C. S., sec. 9443; *Peavy v. McCombs,* 26 Ida. 143, 140 Pac. 965; *Katz v. Herrick,* 12 Ida. 1, 86 Pac. 873.) We find nothing in chapter 45, Session Laws 1923, which indicates such an intention. The trial court was correct in holding that the penalty for delinquent 1922 assessments is six per cent.

The judgment is affirmed. No costs awarded.

Dunn, William A. Lee and Wm. E. Lee, JJ., concur.