# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 33557

|  |  |  |
|---|---|---|
| IN THE MATTER OF THE<br>HOSPITALIZATION OF DANIEL W. | ) ) | |
| ---------------------------------------------------------- | ) | |
| BONNER COUNTY, a political subdivision of<br>the State of Idaho, acting through the<br>COUNTY BOARD OF COMMISSIONERS, | ) ) ) | Boise, March 2008 Term |
| | ) | 2008 Opinion No. 51 |
| Appellant-<br>Cross Respondent, | ) ) | Filed: April 18, 2008 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| KOOTENAI HOSPITAL DISTRICT, | ) | |
| | ) | |
| Intervenor-Respondent-<br>Cross Appellant. | ) ) | |
| | ) | |

Appeal from the District Court of the First Judicial District of the State of Idaho, for Bonner County. Hon. Steven C. Verby, District Judge.

The district court's decision is <u>reversed</u>.

Bonner County Prosecutor's Office, Sandpoint, for appellant. Louis E. Marshall, III, argued.

Paine Hamblen, LLP, Coeur d'Alene, for respondent. Michael B. Hague argued.

---

J. JONES, Justice

After a Bonner County sheriff took Daniel W. into protective custody, a magistrate judge held a commitment hearing pursuant to chapter 3, title 66 of the Idaho Code and entered an order of commitment vesting custody of Daniel W. to the Department of Health and Welfare. At the same hearing, the magistrate judge found that Daniel W. was indigent, and held Bonner County responsible for the costs of his commitment proceedings. Bonner County appealed to the district court, arguing the magistrate lacked authority to hold the county responsible for costs, and that she lacked sufficient information to make this assessment at a commitment hearing. Kootenai Hospital District intervened, arguing the magistrate judge acted appropriately, and had the

1

authority to make the determination based on I.C. § 66-327(a), which directs the court to "consider" such person's indigency and, if found indigent, to fix responsibility "in accordance with the provisions of chapter 35, title 31, Idaho Code, for payment of such costs on the county of such person's residence to the extent not paid by such person or not covered by third party resources." The district court reversed the magistrate's decision regarding costs because the magistrate did not consider the provisions of chapter 35, title 1, Idaho Code in making her determination. Both parties appealed to this Court. We reverse the decision of the district court.

## I.

In November 2005, the Bonner County sheriff took Daniel W. into protective custody, placing him in the North Idaho Behavioral Health facility at Kootenai Medical Center in Coeur d'Alene, where he remained pending a commitment proceeding. No more than three days later, the magistrate judge held a commitment hearing pursuant to Chapter 3, Title 66 of the Idaho Code. Following this hearing, the judge entered an order of commitment vesting custody of Daniel W. in the Department of Health and Welfare. In the same order of commitment, the judge held that "pursuant to Idaho Code § 66-327, Daniel W. is indigent and unable to pay the cost of treatment pursuant to Idaho Code." Thus, the judge fixed responsibility on Bonner County for the cost of care incurred pending the commitment hearing.

Bonner County filed an appeal with the district court, seeking reversal of the magistrate court's determination of costs, arguing that the magistrate judge lacked authority to hold the county responsible for costs, and that even if she had this authority, her ruling was unsupported by the evidence presented at the hearing. Kootenai Hospital District intervened, and argued that the magistrate possessed the authority to fix responsibility for the costs of care, and that the magistrate did so appropriately.

The district judge reversed and remanded the case because the magistrate court did not consider the multiple factors relating to medical indigency set forth in chapter 35, title 31 in making its determination of costs. First, the district judge concluded that the plain language of I.C. § 66-327 requires a judge to consider the indigency of an individual, which should be done in accordance with the provisions of chapter 35, title 31 of the Idaho Code. The judge then looked to the hearing transcript and found "it is also apparent that there was no evidence presented concerning the multiple factors relating to medical indigency set forth in chapter 35,

2

title 31." Based on this determination, he remanded the case in order for the trial court to make findings consistent with chapter 35, title 31. To provide guidance to the court on remand, the judge established the following procedure to take place in mental commitment proceedings:

> In mental commitment proceedings, the following bifurcated procedure should take place, and should be the standard followed for all similar cases in the future. The magistrate judge should first determine whether there is clear and convincing evidence that a person is mentally ill and a danger to himself or herself or others, or is gravely disabled due to a mental illness, and, thus, should be committed. I.C. § 66-329(k). If committed, an application pursuant to Idaho Code Section 31-5104 is to be made, and the county is to investigate whether the person is medically indigent pursuant to such application and is to create a record for review. The magistrate judge will then review the indigency information and make a determination of medical indigency pursuant to Idaho Code Section 66-327, and fix the responsibility for costs.

Bonner County appeals to this Court, challenging the district judge's creation of this "bifurcated hearing process" and challenging the magistrate's ability to determine indigency in the first instance. Kootenai Hospital District cross-appeals, alleging the district court erred by reversing the magistrate's decision with regard to costs.

## II.

In this case we consider whether the district court erred when it held I.C. § 66-327 establishes a bifurcated procedure for determining indigency and fixing responsibility for costs, and whether the district court erred in reversing the magistrate court's indigency determination.

## A.

The standard of review for a case a like this, where we review a decision of the district court acting in its appellate capacity, has undergone a course correction. In *Losser v. Bradstreet*, _____Idaho _____, P.3d _____, 2008 W.L. 820025 (March 28, 2008), the Court, returning to the structure of the Idaho Appellate Rules, determined that, rather than directly reviewing the magistrate court's decision independently of, but with due regard for, the district court's decision, it would instead directly review the district court's decision. Thus, we consider here whether the district court committed error with respect to the issues presented.

3

**B.**

Bonner County's appeal primarily involves statutory interpretation. The interpretation of a statute is a question of law over which this Court exercises free review. *State v. Thompson,* 140 Idaho 796, 798, 102 P.3d 1115, 1117 (2004). When construing a statute, the focus of the Court is to determine and give effect to the intent of the Legislature. *George W. Watkins Family v. Messenger,* 118 Idaho 537, 539-40, 797 P.2d 1385, 1387-88 (1990). Judicial interpretation of a statute begins with an examination of the statute's literal words. *State v. Burnight,* 132 Idaho 654, 659, 978 P.2d 214, 219 (1999). Where the language of a statute is plain and unambiguous, this Court must give effect to the statute as written, without engaging in statutory construction. *State v. Rhode,* 133 Idaho 459, 462, 988 P.2d 685, 688 (1999). The language of the statute must be given its plain, obvious and rational meaning. *Burnight,* 132 Idaho at 659, 978 P.2d at 219. Unless the result is palpably absurd, this Court assumes the Legislature meant what is clearly stated in the statute. *Rhode,* 133 Idaho at 462, 988 P.2d at 688.

When the language of a statute is ambiguous, the court looks to rules of construction for guidance and may consider the reasonableness of proposed interpretations. *See Payette River Prop. Owners Ass'n v. Bd. of Comm'rs of Valley County*, 132 Idaho 551, 557, 976 P.2d 477, 483 (1999). When the Court must engage in statutory construction, it has the duty to ascertain the legislative intent and give effect to that intent. *Rhode*, 133 Idaho at 462, 988 P.2d at 688 (citing *Messenger v. Burns,* 86 Idaho 26, 29, 382 P.2d 913, 915 (1963)). To ascertain the intent of the legislature, not only must the literal words of the statute be examined, but also the context of those words, the public policy behind the statute and its legislative history. *Id.* Constructions that would lead to absurd or unreasonably harsh results are disfavored. *Gavica v. Hanson,* 101 Idaho 58, 60, 608 P.2d 861, 863 (1980).

Bonner County bases its appeal primarily on the contention that I.C. § 66-327 creates a conflict with chapter 35, title 31 of the Idaho Code, which presently requires an individual to submit an application to the board of county commissioners for a determination of medical indigency. *See* I.C. §§ 31-3504-3505G (2006). On the other hand, the Hospital District contends the two statutes are not in conflict, and that the magistrate possesses the authority to fix responsibility for the costs of commitment pursuant to the plain language of I.C. § 66-327(a). The Hospital District contends that the district court "legislated" a process in conflict with both statutes, ruling out of concern for administrative efficiencies rather than statutory language.

4

The applicable portion of I.C. § 66-327(a) provides:

> In proceedings authorized by this chapter, the court shall consider the indigency of persons subject to proceedings authorized by this chapter, in light of such person's income and resources, and if such person is able to pay all or part of such costs, the court shall order such person to pay all or any part of such costs. If the court determines such person is unable to pay all or any part of such costs, the court shall fix responsibility, in accordance with the provisions of chapter 35, title 31, Idaho Code, for payment of such costs on the county of such person's residence to the extent not paid by such person or not covered by third party resources, including medical assistance as aforesaid.

Bonner County relies on the use of the term "consider," arguing the plain meaning of this phrase requires the magistrate judge to "think about" a person's indigency and not necessarily make a determination. As to fixing responsibility, this clearly references chapter 35, title 31 and mandates the court to act in accordance with that chapter.

Chapter 35, title 31 of the Idaho Code, I.C. §§ 31-3501-3557, contains comprehensive provisions concerning the payment of hospital expenses for the medically indigent. According to Bonner County, I.C. § 66-327(a)'s direction that the magistrate consider indigency and fix responsibility "in accordance with the provisions of chapter 35, title 31, Idaho Code," conflicts with the provisions of chapter 35, which place responsibility on the board of county commissioners to determine whether or not an individual is medically indigent. *See* I.C. §§ 31-3504-3505G. Indeed, I.C. §§ 31-3503 through 3505G provide a detailed process by which one submits a written application for assistance to the board of county commissioners, who make the determination as to whether the individual is medically indigent under the statute.

Since there appears to be an ambiguity, based on the plain language of the statute, the Court must look to legislative history and canons of statutory construction to aid in ascertaining the Legislature's intent in adopting I.C. § 66-327. One well-settled canon of construction, applicable here, provides:

> Where one statute adopts the particular provisions of another by a specific and descriptive reference to the statute or provisions adopted, the effect is the same as though the statute or provisions adopted had been incorporated bodily into the adopting statute. When so adopted, only such portion is in force as relates to the particular subject of the adopting act, and as is applicable and appropriate thereto. . . . There is [a] form of adoption wherein the reference is, not to any particular statute or part of a statute, but to the law generally which governs a particular subject. The reference in such case means the law as it exists from time to time or at the time the exigency arises to which the law is to be applied.

5

*Nampa & Meridian Irrig. Dist. v. Barker*, 38 Idaho 529, 533, 223 P. 529, 530-31 (1924) (quoting Lewis Sutherland on Statutory Construction § 405). Thus, those substantive provisions of chapter 35, which are applicable and appropriate with regard to section 66-327, should be incorporated as they evolve from time to time. Looking to the plain language of I.C. § 66-327(a), it appears the court should employ its established procedures, because the statute clearly provides that "*the court shall* consider the indigency of persons subject to proceedings authorized by this chapter." I.C. § 66-327(a) (emphasis added). However, the statute then refers the court to chapter 35, title 31 in the event it determines a person is unable to pay the costs: "the court shall fix responsibility, in accordance with the provisions of chapter 35, title 31, Idaho Code, for payment of such costs . . . ." *Id.* Thus, the court should consider the substantive provisions of chapter 35, title 31 – what resources the person has (I.C. § 31-3502(17)), whether, considering the availability of resources, the person is "medically indigent" (I.C. § 31-3502(1)), and so on – when it fixes responsibility for costs. There is nothing in the statute that would require the court to employ procedures other than those usually employed by the courts in making these determinations.

Based on the foregoing analysis, we hold that a magistrate must consider indigency and fix costs during commitment proceedings under I.C. § 66-327(a). The court must first consider an individual's financial situation and determine his or her ability to pay commitment costs, based on the substantive provisions of chapter 35, including the definition of indigency, the definition of resources, and so on. If such person is "unable to pay the costs" based on this analysis, then the court is required to fix responsibility for payment. The district court erred when it created a process not provided for in the statute.[1]

### C.

The Hospital District's cross-appeal challenges the district court's reversal of the magistrate's cost assessment. According to the Hospital District, I.C. § 66-327 commands the magistrate to determine whether the patient is unable to pay all or any part of the expenses

---

[1] Bonner County argues that, by allowing the magistrate court to make the determination of indigency, the court violates the separation of powers doctrine, claiming that "where a power is given to a department, another department cannot act," citing *Estep v. Boundary County*, 122 Idaho 345, 834 P.2d 862 (1991). In this case, I.C. § 66-327(a) expressly grants power to the court to determine indigency, and the court determined indigency. Thus, Bonner County's separation of powers argument is unavailing.

associated with the commitment proceedings. The magistrate inquired on this subject, finding that the patient had no resources and no insurance and fixed costs accordingly. Bonner County argued both here and below that the magistrate did not have sufficient evidence to make the determination that Daniel W. was indigent.

The district court reversed the magistrate's determination of indigency, based in part on its conclusion that the magistrate had not employed the procedural aspects of chapter 35, Title 31. However, the district judge also expressed concern about the short time span in which the magistrate had in which to make the indigency determination and that the magistrate did not evaluate all of the resources available to Daniel W.

Having determined that the district court's statutory interpretation was incorrect, we consider whether the district court erred in concluding the magistrate had insufficient evidence to determine that Daniel W. was indigent, thus fixing costs on Bonner County. At the hearing, the magistrate asked the designated examiner from the Department of Health and Welfare whether there was any information that would suggest whether or not Daniel W. had any resources or insurance. He answered that, as of six weeks ago (when a similar proceeding was conducted), "he was pretty much what we call indigent." At this time, he was not employed, and had no health insurance. Although the examiner did not question him the day of the hearing, he testified he was "pretty sure that he's without resources." The magistrate then asked whether the deputy prosecutor had any information to the contrary. He stated he did not believe Daniel W. had any resources.[2] Finally, the magistrate asked Daniel W. whether he had insurance or whether he worked. The magistrate found he had no resources or income, and was therefore indigent.

Based on this information, a reasonable trier of fact could determine Daniel W. was unable to pay the costs of his commitment proceedings. Therefore, we reverse the district court's holding that the magistrate erred in its assessment of costs.

### D.

The Hospital District requested attorney fees below and on this appeal pursuant to I.C. § 12-117(1). I.C. § 12-117(1) provides:

---

[2] Had Bonner County wished to present evidence showing Daniel W. had the ability to pay or to obtain other sources to pay, this would have been the perfect opportunity to do so. Had the county needed additional time to prepare its case, it could have requested a continuance. It did neither.

> Unless otherwise provided by statute, in any administrative or civil judicial proceeding involving as adverse parties a state agency, a city, a county or other taxing district and a person, the court shall award the prevailing party reasonable attorney's fees, witness fees and reasonable expenses, if the court finds that the party against whom the judgment is rendered acted without a reasonable basis in fact or law.

To award attorney fees under I.C. § 12-117, the Court must not only find that the County acted without a reasonable basis in fact or law, but it must also find in favor of the party requesting fees. *Canal/Norcrest/Columbus Action Comm. v. City of Boise*, 136 Idaho 666, 671, 39 P.3d 606, 611 (2001). The purpose of I.C. § 12-117 is to serve as a deterrent to groundless or arbitrary action and to provide a remedy for persons who have borne unfair and unjustified financial burdens defending against groundless charges or attempting to correct mistakes agencies should never have made. *Id.* (citing *Rincover v. State*, 132 Idaho 547, 549, 976 P.2d 473, 475 (1999)). Although the Hospital District prevails on appeal, the County should not be assessed fees because it did not bring this action without a reasonable basis in fact or law.

## III.

We reverse the district court's decision, reinstating the decision of the magistrate judge. Costs are awarded to the Hospital District.

Chief Justice EISMANN, and Justices BURDICK, W. JONES and HORTON CONCUR.