## IN THE SUPREME COURT OF THE STATE OF IDAHO
### Docket No. 37352

| | | |
|---|---|---|
| IN THE MATTER OF THE HOSPITALIZATION OF JOHN DOE. | ) ) | |
| --------------------------------------------------------- | ) | |
| BHC INTERMOUNTAIN HOSPITAL, INC., | ) ) | Boise, September 2010 |
| Petitioner-Appellant, | ) ) | 2010 Opinion No. 131 |
| v. | ) ) | Filed: December 8, 2010 |
| ADA COUNTY, a political subdivision of the State of Idaho, | ) ) ) | Stephen W. Kenyon, Clerk |
| Respondent-Respondent on Appeal. | ) ) ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. D. Duff McKee, District Judge.

District court decision interpreting I.C. § 66-327, <u>reversed.</u>

Moffatt, Thomas, Barrett, Rock & Fields, Chtd. Boise, for appellant. Mark C. Peterson argued.

Hon. Greg Bower, Ada County Prosecuting Attorney, Boise, for respondent. Claire S. Tardiff, Deputy Ada County Prosecuting Attorney argued.

_____

BURDICK, Justice

This case involves the interpretation of I.C. § 66-327, which governs the responsibility for costs of commitment and care of patients in cases involving involuntary hospitalization of the mentally ill. It is undisputed that patient John Doe incurred $7,023.61 in costs while being treated at BHC Intermountain Hospital, Inc. ("Intermountain"). Doe is an indigent resident of Ada County. The magistrate court determined that Respondent Ada County was responsible for the costs incurred during the involuntary treatment of Doe and that Ada County's responsibility was limited to the Medicaid reimbursement rate for the treatment. On appeal, the district court agreed that the reference to chapter 35, title 31, Idaho Code, in I.C. § 66-327(a) governs the rate at which a responsible county must pay and, therefore, Ada County must reimburse Intermountain at the Medicaid rate. We reverse.

1

## I. FACTUAL AND PROCEDURAL BACKGROUND

While involuntarily hospitalized at Intermountain in February 2008, John Doe incurred $7,023.61 in costs measured at the standard and usual rate for the services provided. On May 14 of that year, the magistrate court notified Intermountain and Ada County of its intent to fix responsibility for the costs incurred by Doe on Ada County for the full amount of $7,023.61. Ada County objected, arguing that it is obligated to pay those costs at the reduced Medicaid reimbursement rate pursuant to I.C. § 66-327(a) and chapter 35, title 31, Idaho Code. On April 2, 2009, the magistrate court ordered Ada County to pay the reduced Medicaid rate.

Intermountain appealed, arguing that I.C. § 66-327(a) requires counties to pay the usual and customary rate for treatment, $7,023.61 in this case. The parties stipulated to stay the appeal until a decision was rendered in *BHC Intermountain Hospital, Inc. v. Ada County*, 148 Idaho 294, 221 P.3d 520 (2009). On January 22, 2010, after the stay was lifted, the district court upheld the magistrate court's determination that the Medicaid reimbursement rate should apply. Intermountain timely appealed to this Court.

## II. ANALYSIS

At issue in this case is the rate at which the costs of commitment and care of involuntarily hospitalized mentally ill patients are to be reimbursed by a patient's county of residence when the county is found responsible for those costs under I.C. § 66-327(a). Intermountain argues that the reference to chapter 35, title 31 of the Idaho Code found in I.C. § 66-327(a) controls for purposes of determining which party is responsible for costs under I.C. § 66-327(a) but does not control for purposes of determining the rate at which those costs are to be reimbursed. We agree. Under I.C. § 66-327(a), a county must fully reimburse the service provider for costs that fall within I.C. § 66-327(a) and cannot pay only the Medicaid reimbursement rate as set forth in chapter 35, title 31.

### A. Standard of review.

This Court freely reviews the construction of a statute. *Gibson v. Ada Cnty.*, 142 Idaho 746, 751, 133 P.3d 1211, 1216 (2006). The interpretation of a statute is a question of law over which this Court exercises free review. *State v. Hensley*, 145 Idaho 852, 855, 187 P.3d 1227, 1230 (2008). The statute is viewed as a whole, and the analysis begins with the language of the statute, which is given its plain, usual and ordinary meaning. *Id.* In determining the ordinary meaning of the statute, "effect must be given to all the words of the statute if possible, so that

none will be void, superfluous, or redundant." *State v. Mercer*, 143 Idaho 108, 109, 138 P.3d 308, 309 (2006) (quoting *In re Winton Lumber Co.*, 57 Idaho 131, 136, 63 P.2d 664, 666 (1936)). However, "[i]f the language of the statute is capable of more than one reasonable construction it is ambiguous," and a statute that is ambiguous must be construed with legislative intent in mind, which is ascertained by examining "not only the literal words of the statute, but the reasonableness of the proposed interpretations, the policy behind the statute, and its legislative history." *State v. Yzaguirre,* 144 Idaho 471, 475, 163 P.3d 1183, 1187 (2007).

**B. The amount by which Ada County must reimburse Intermountain is not limited by chapter 35 title 31, Idaho Code for indigent proceedings under I.C. § 66-327(a).**

Ada County and Intermountain propose different interpretations of I.C. § 66-327(a), which reads as follows:

> *All costs associated with the commitment proceedings,* including usual and customary fees of designated examiners, transportation costs and all medical, psychiatric and hospital costs not included in subsection (b) of this section, *shall be the responsibility of the person* subject to judicial proceedings authorized by this chapter or such person's spouse, adult children, *or, if indigent, the county of such person's residence* after all personal, family and third party resources, including medical assistance provided under the state plan for medicaid as authorized by title XIX of the social security act, as amended, are considered. In proceedings authorized by this chapter, the court shall consider the indigency of persons subject to proceedings authorized by this chapter, in light of such person's income and resources, and if such person is able to pay all or part of such costs, the court shall order such person to pay all or any part of such costs. *If the court determines such person is unable to pay all or any part of such costs, the court shall fix responsibility, in accordance with the provisions of chapter 35, title 31, Idaho Code, for payment of such costs on the county of such person's residence* to the extent not paid by such person or not covered by third party resources, including medical assistance as aforesaid.

(Emphases added).

Both parties stipulated that the $7,023.61 billed by Intermountain are costs incurred for the commitment proceedings in this case. Both parties agree that John Doe is an indigent resident of Ada County and, therefore, Ada County is responsible for reimbursing Intermountain. Intermountain argues that the plain and unambiguous language of I.C. § 66-327(a) provides that costs associated with commitment proceedings are to be paid in full by whichever party is responsible—the patient or, if the patient is indigent, the county. Under Intermountain's view, the reference to chapter 35, title 31 provides criteria to be utilized in determining only whether the patient is indigent and which county is responsible for an indigent patient. Ada County

3

contends that the reference to chapter 35, title 31 also governs the rate at which the costs associated with the commitment proceedings are to be paid by a county. Therefore, under Ada County's view, county payment is limited to the Medicaid reimbursement rate, as specified under I.C. §§ 31-3508 and 31-3519(4).

A statute is not ambiguous merely because the parties present differing interpretations. *Yzaguirre*, 144 Idaho at 476, 163 P.3d at 1188. Instead, the statute is ambiguous only if more than one of the interpretations can be reasonably construed from the language of the statute. *Id.* "The first step is to examine the literal words of the statute to determine whether they support the parties' differing interpretations." *Id.* Examining the literal words of the statute, we find that the reference to chapter 35, title 31 provides guidance for determining whether a given county is responsible and does not affect the determination of how much a responsible county is obligated to pay. Under the plain meaning of I.C. § 66-327(a), the party responsible for incurred costs— whether it is the patient or the county of residence of an indigent patient—is responsible to pay costs covered by I.C. § 66-327(a) in their full amount.

We agree with Intermountain's view that I.C. § 66-327(a) provides a complete scheme for determining the amount at which costs are to be reimbursed without reference to chapter 35, title 31. The first sentence of I.C. § 66-327(a) provides, "[a]ll costs associated with the commitment proceedings, . . . shall be the responsibility of the person . . . or, if indigent, the county of such person's residence." The second sentence of the statute then requires the court to order the patient to pay all or any of such costs if the patient is able. The third sentence states: "If the court determines such person is unable to pay all or any part of *such costs*, the court shall fix responsibility, in accordance with the provisions of chapter 35, title 31, Idaho Code, for payment of *such costs* on the county of such person's residence . . . ." I.C. § 66-327(a) (emphases added). The statute refers to "such costs" in both the clause covering a patient's obligation to pay and the clause covering a county's obligation to pay. Under a plain reading of I.C. § 66-327(a), "such costs" refers to "[a]ll costs associated with the commitment proceedings, including usual and customary fees of designated examiners, transportation costs and all medical, psychiatric and hospital costs not included in subsection (b)."

Furthermore, the placement of the reference to chapter 35, title 31 in I.C. § 66-327(a) supports the conclusion that chapter 35, title 31 controls the determination of whether a given county is responsible for costs but does not control the determination of the rate at which the

4

county is responsible for those costs. The reference to chapter 35, title 31 is inserted immediately after the clause "the court shall fix responsibility" but before the clause "for payment of such costs on the county. . . ." Under the rule of the last antecedent clause, a referential or qualifying clause refers solely to the last antecedent, absent a showing of contrary intent. *See Myer v. Ada Cnty.*, 50 Idaho 39, 42, 293 P. 322, 323 (1930). Since the reference to chapter 35, title 31 is inserted immediately after the responsibility clause, but before the cost clause, chapter 35, title 31 applies solely to the responsibility clause. Thus, the reference to chapter 35, title 31 instructs a court only when fixing responsibility for an indigent patient on a county.

Ada County is correct that the reference to chapter 35, title 31 must be given meaning; however, there is no need to resort to the payment provisions in I.C. §§ 31-3508 and 31-3519 to give meaning to the reference. This Court has held that when one statute references another, only the portion that "*relates to* the particular subject of the adopting act, *and . . .* is *applicable* and appropriate thereto" is incorporated. *In re Daniel W.*, 145 Idaho 677, 681, 183 P.3d 765, 769 (2008) (quoting *Nampa & Meridian Irrigation Dist. v. Barker*, 38 Idaho 529, 533, 223 P. 529, 530 (1924)) (emphases added). Under the plain language of I.C. § 66-327(a), chapter 35, title 31 instructs the court when fixing responsibility for payment, not when determining the rate at which costs are to be paid. Therefore, the only portions of chapter 35, title 31 that are applicable to, and thereby incorporated into, I.C. § 66-327(a) are those portions related to determining whether the patient is indigent and determining the patient's county of residence. Idaho Code § 31-3502(15) defines "medically indigent," and I.C. § 31-3506 governs the determination of which county is the responsible county under different circumstances. Other sections of chapter 35, title 31 provide additional details relating to whether responsibility can be fixed on a given county.

## IV. CONCLUSION

We hold that I.C. § 66-327(a) controls the reimbursement rate at which a county is required to reimburse a provider and that rate is not limited by chapter 35, title 31. The reference to chapter 35, title 31, Idaho Code found in I.C. § 66-327(a) pertains only to whether a county is responsible for providing reimbursement. Thus, Ada County is responsible to Intermountain for $7,023.61. Costs to Intermountain.

Chief Justice EISMANN and Justices J. JONES, W. JONES and HORTON, **CONCUR.**

5