**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 46085**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Opinion Filed: February 7, 2020** |
| Plaintiff-Respondent, | ) |
| | ) **Karel A. Lehrman, Clerk** |
| v. | ) |
| | ) |
| JOHN ALLISON HUCKABAY, | ) |
| | ) |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Lansing L. Haynes, District Judge.

Order denying motion to dismiss, <u>reversed</u>; judgment of conviction, <u>vacated</u>; and <u>case remanded</u>.

Phillabaum Ledlin Matthews & Sheldon PLLC; Douglas R. Dick, Spokane, Washington, for appellant. Stephen R. Matthews argued.

Hon. Lawrence G. Wasden, Attorney General; Kale D. Gans, Deputy Attorney General, Boise, for respondent. Kale D. Gans argued.

_____

HUSKEY, Chief Judge

John Allison Huckabay appeals from his judgment of conviction after a jury found him guilty of felony unlawful possession of a moose. Huckabay argues his conviction was error because:

1. A felony violation of Idaho Code § 36-1401(c)(3) requires more than the possession of a single moose;
2. The charging documents were fatally deficient and failed to convey subject matter jurisdiction to the district court; and
3. Prosecutorial misconduct invalidated the grand jury indictment.

We hold that I.C. § 36-1401(c)(3) requires the unlawful killing, possessing, or wasting of more than one animal to constitute a felony offense. Although the indictment conveyed subject matter jurisdiction, it was legally insufficient to establish a felony pursuant to I.C. § 36-1401(c)(3). Because the district court erroneously construed the statute, it erred in denying Huckabay's

1

motion to dismiss. We reverse the district court's order, vacate the judgment of conviction, and remand this case for further proceedings consistent with this opinion.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

A grand jury indicted Huckabay for felony unlawful killing or possession of a moose, in violation of I.C. §§ 36-1401(c)(3) and 36-1404(a)(2). The indictment alleged:

> That the Defendant, JOHN A. HUCKABAY, on or about October 2nd, 2014, in the County of Kootenai, State of Idaho, did unlawfully kill a cow moose by shooting said moose in a closed season and/or did unlawfully possess said moose by gutting, quartering and/or transporting it without a tag; all of which is contrary to the form, force and effect of the statute in such case made and provided and against the peace and dignity of the People of the State of Idaho.

Huckabay filed a motion to dismiss the indictment arguing that the grand jury did not have the information needed to charge a crime; the jury instructions failed to state the elements of the offense; the grand jury was not properly informed of the law with regards to possession; and there was no probable cause to support the indictment. In a separate motion, Huckabay also sought to dismiss the case for lack of jurisdiction, arguing the possession of a single moose does not violate the clear language of the statute.

The district court denied both of Huckabay's motions to dismiss in its memorandum decision and order denying defendant's motion to dismiss the indictment. The district court explained that: the indictment adequately charged Huckabay with a felony offense, and thus, conferred jurisdiction; the State adequately advised the grand jury of the elements of the alleged charge and the definition of possession; and the evidence presented to the grand jury was sufficient to establish probable cause to believe Huckabay unlawfully possessed a moose but the evidence presented to the grand jury was insufficient to establish probable cause to believe Huckabay unlawfully killed a moose. The district court allowed the State to amend the indictment, and the State subsequently filed an amended indictment which removed the charge of killing a moose from the indictment.[1]

---

[1] The amended indictment read:

> That the Defendant, JOHN ALLISON HUCKABAY, on or about October 2, 2014, in the County of Kootenai, State of Idaho, did unlawfully possess a wild animal with a single damage assessment of more than one thousand dollars ($1,000.00), to-wit: by gutting, quartering and/or transporting a cow moose in a closed season and/or without a tag, all of which is contrary to the

Huckabay filed a motion for reconsideration of his motion to dismiss and a motion to dismiss the amended indictment, both of which were denied by the district court. Huckabay then sought permission to appeal the denial of his motion and the district court also denied that motion. Huckabay's motion for permission to appeal was also denied by the Idaho Supreme Court.

Before trial, the district court granted the State's second motion to amend the indictment, such that the new indictment stated:

> That the Defendant, JOHN ALLISON HUCKABAY, on or about October 2, 2014, in the County of Kootenai, State of Idaho, did unlawfully possess a wild animal with a single damage assessment of more than one thousand dollars ($1,000.00), to-wit: A cow moose in a closed season and/or without a tag, all of which is contrary to the form, force and effect of the statute in such case made and provided and against the peace and dignity of the People of the State of Idaho.

The district court denied Huckabay's motion to dismiss the second amended indictment, and the case proceeded to trial. The jury found Huckabay guilty of felony unlawful possession of a moose. The district court sentenced Huckabay to a unified sentence of two years, with one year determinate. The district court suspended the sentence for a two-year term of probation and revoked Huckabay's hunting and fishing license for three years. Huckabay timely appeals.

## II.

## STANDARD OF REVIEW

This Court exercises free review over the application and construction of statutes. *State v. Reyes*, 139 Idaho 502, 505, 80 P.3d 1103, 1106 (Ct. App. 2003). Where the language of a statute is plain and unambiguous, this Court must give effect to the statute as written, without engaging in statutory construction. *State v. Burnight*, 132 Idaho 654, 659, 978 P.2d 214, 219 (1999); *State v. Escobar*, 134 Idaho 387, 389, 3 P.3d 65, 67 (Ct. App. 2000). The language of the statute is to be given its plain, obvious, and rational meaning. *Burnight*, 132 Idaho at 659, 978 P.2d at 219. If the language is clear and unambiguous, there is no occasion for the court to resort to legislative history or rules of statutory interpretation. *Escobar*, 134 Idaho at 389, 3 P.3d at 67. When this Court must engage in statutory construction because an ambiguity exists, it has the duty to ascertain the legislative intent and give effect to that intent. *State v. Beard*, 135 Idaho

form, force and effect of the statute in such case made and provided and against the peace and dignity of the People of the State of Idaho.

3

641, 646, 22 P.3d 116, 121 (Ct. App. 2001). To ascertain such intent, not only must the literal words of the statute be examined, but also the context of those words, the public policy behind the statute, and its legislative history. *Id.* It is incumbent upon a court to give an ambiguous statute an interpretation which will not render it a nullity. *Id.* Constructions of an ambiguous statute that would lead to an absurd result are disfavored. *State v. Doe*, 140 Idaho 271, 275, 92 P.3d 521, 525 (2004).

## III.

## ANALYSIS

The statute at issue in this case, I.C. § 36-1401(c)(3), reads in relevant part:

(c) Felonies. Any person who pleads guilty to, is found guilty or is convicted of a violation of the following offenses shall be guilty of a felony:
     3. Unlawfully killing, possessing or wasting of any combination of numbers or species of wildlife within a twelve (12) month period which has a single or combined reimbursable damage assessment of more than one thousand dollars ($1,000), as provided in section 36-1404, Idaho Code.

The issue here is the statutory construction of the phrase "combination of numbers or species." Huckabay argues a combination of numbers or species requires unlawfully killing, possessing, or wasting two or more "numbers or species." The State argues that unlawfully killing, possessing, or wasting one animal satisfies the "combination of numbers or species" because zero is a number and zero plus one is a combination of numbers. The district court agreed with the State, reasoning:

This Court finds that the language of I.C. § 36-1401(c)(3) unambiguously provides that this statute can be violated by the killing or possession of one animal if the reimbursable damage assessment for that one animal is greater than $1,000.00. The statute also allows that killing or possessing a combination of animals or species within a 12 month period with a combined damage assessment exceeding $1,000.00 violates the statute. In this case it is uncontested that the animal involved was a moose, and that the damage assessment for a moose is greater than $1,000.00.

On appeal, Huckabay argues the district court erred. Huckabay asserts he did not violate I.C. § 36-1401(c)(3) because the unlawful possession of a single cow moose was not a felony. According to Huckabay, the statutory language of I.C. § 36-1401(c)(3) requires the unlawful killing, possessing, or wasting of more than one moose. For support, Huckabay directs this Court to the language of the statute, records of Idaho Fish and Game, and legislative history.

4

Huckabay also claims that the district court's interpretation of I.C. § 36-1401(c)(3) causes the statute to be unconstitutionally vague and to conflict with other statutes.

As in the present case, this Court considered the statutory construction of I.C. § 36-1401(c)(3) in *State v. Hughes*, 161 Idaho 826, 392 P.3d 4 (Ct. App. 2014). There, Hughes was cited for killing a single buck mule deer and was charged with two felony counts under I.C. § 36-1401(c)(3): wasteful destruction of wildlife and unlawful possession of wildlife. *Hughes*, 161 Idaho at 828-29, 392 P.3d at 6-7. Hughes filed a motion to dismiss or amend the information, arguing that the information failed to allege all necessary facts to establish the felony counts. *Id.* at 829, 392 P.3d at 7. The district court granted the motion to dismiss with leave for the State to file an amended indictment alleging misdemeanors. *Id.* The State filed an interlocutory appeal. *Id.*

The State's argument on appeal was the district court misinterpreted the plain language of the statute. *Id.* at 829-30, 392 P.3d at 7-8. In response, Hughes claimed the district court correctly dismissed the appeal and an appellate court had no jurisdiction to hear the case. *Id.* While considering the distinction between the initial grant of subject matter jurisdiction and the on-going exercise of that jurisdiction, this Court noted:

> Whether a court lacks jurisdiction is a question of law, over which this Court exercises free review. In a criminal case, the filing of an information alleging that an offense was committed within the state of Idaho confers subject matter jurisdiction. Because the information provides subject matter jurisdiction to the district court, its jurisdictional power depends on the charging document being legally sufficient to survive challenge. Whether a charging document conforms to the requirements of law and is legally sufficient is also a question of law subject to free review.
>
> A challenge asserting the charging information is jurisdictionally deficient is never waived and may be raised at any time, including for the first time on appeal. If an alleged deficiency is raised by a defendant before trial or entry of a guilty plea, the charging document must be found to set forth all facts essential to establish the charged offense to survive the challenge.

*Id.* at 830, 392 P.3d at 8 (internal citations omitted).

After examining the language of I.C. § 36-1401(c)(3), this Court held the State failed to allege the necessary elements of the offenses because it had not established a flagrant violation as defined by the statute. *Hughes*, 161 Idaho at 832, 392 P.3d at 10. Because the State failed to set forth all the necessary elements to establish the charged felony offense, the district court's dismissal of the two felony counts was affirmed. *Id.* at 833, 392 P.3d at 11.

In this case, like in *Hughes*, the filing of the indictment alleging an offense was committed within the state of Idaho, and thus conferred subject matter jurisdiction on the district court. However, the district court's exercise of its jurisdiction depends on the legal sufficiency of the charging document.

The State asserts that under the plain language of the statute, 0 is a number. The State reasons because 0 is a number and 1 is a number, then it is possible to combine these numbers (0 + 1) in such a way that the number 1 can be a "combination of numbers." Possessing only one moose (and no other wildlife), results in a felony offense according to the State. This cannot be the plain meaning of the phrase "combination of numbers" because, under the State's reasoning, 0 + 0 is also a combination of numbers. Using the State's logic, an individual who killed zero moose would satisfy the first prong of I.C. § 36-1401(c)(3) because two zeroes satisfy the statutory requirement that there is a "combination of numbers of wildlife." The State's interpretation of numerical values asks this Court to avoid the plain, obvious, and rational meaning of "combination of numbers," which we decline to do. Under the plain language of the statute, a combination means "two or more," such that the statutory language requires "two or more" numbers or species of wildlife. In the instant case, the plain language therefore requires that more than one moose is unlawfully killed, possessed, or wasted in order to be guilty of a felony under I.C. § 36-1401(c)(3).

The State further supports its argument by pointing to the second half of the statute which requires the combination of numbers or species of wildlife have "a single or combined reimbursable damage assessment of more than one thousand dollars ($1,000)." I.C. § 36-1401(c)(3). According to the State, the statute could encompass one animal as well as multiple animals because one animal would have a single assessment and multiple animals would have a combined assessment, thereby satisfying the language of the statute. In contrast, Huckabay argues the "combination of numbers or species" clause requires at least two animals or two species. The "single or combined reimbursable damage assessment" clause requires that at least one of the animals or species have a reimbursable damage assessment that either by itself or in combination with the other animal or species exceeds $1,000.00. We agree with Huckabay.

When necessary, this Court looks to the grammatical construction of the statute as the legislature intended the statute to be construed according to generally accepted principles of English grammar. *State v. McKie*, 163 Idaho 675, 679-80, 417 P.3d 1001, 1005-06 (Ct. App.

6

2018). Under the rule of the last antecedent clause, a referential or qualifying clause refers solely to the last antecedent, absent a showing of contrary intent. *BHC Intermountain Hosp., Inc. v. Ada Cnty.*, 150 Idaho 93, 96, 244 P.3d 237, 240 (2010); *See* 2A Sutherland Statutory Construction § 47:33 Referential and qualifying words: Last antecedent rule (7th ed. 2019).[2] Here, the damage assessment clause in I.C. § 36-1401(c)(3) is used to describe the "combination of numbers or species of wildlife"--the combination may have a single damage assessment or combined damage assessment. This is because under I.C. § 36-1404, different wildlife have different reimbursable damage assessments, while some wildlife have no assessment value at all. So one could kill two species--one with a reimbursable damage assessment greater than $1,000.00 or more and one species with no reimbursable damage assessment--and commit a felony as defined by I.C § 36-1401(c)(3).

Here, the indictment alleged that Huckabay possessed a single cow moose. The indictment did not charge the necessary facts to establish a felony offense, and thus, the indictment was legally insufficient and the district court erred when it denied Huckabay's motion to dismiss. Because we resolve the case on this ground, we need not address the other arguments raised in this case.

## IV.

## CONCLUSION

The denial of Huckabay's motion to dismiss is reversed, Huckabay's judgment of conviction is vacated, and the case is remanded for further proceedings consistent with this opinion.

Judge GRATTON and Judge BRAILSFORD **CONCUR**.

---

[2]     Sutherland Statutory Construction explains:

Referential and qualifying words and phrases, where no contrary intention appears, refer solely to the last antecedent. The last antecedent is "the last word, phrase, or clause that can be made an antecedent without impairing the meaning of the sentence." Thus a proviso usually applies to the provision or clause immediately preceding it.