IN THE COURT OF APPEALS OF THE STATE OF IDAHO

**Docket No. 41365**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2014 Opinion No. 93 |
| | ) | |
| Plaintiff-Appellant, | ) | Filed: October 31, 2014 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| JEFFREY J. HUGHES, | ) | |
| | ) | |
| Defendant-Respondent. | ) | |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Valley County. Hon. Thomas F. Neville, District Judge.

Order of the district court granting motion to dismiss two felony counts of information without prejudice, <u>affirmed,</u> and <u>case remanded</u>.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for appellant. Kenneth K. Jorgensen argued.

Sara B. Thomas, State Appellate Public Defender; Brian R. Dickson, Deputy Appellate Public Defender, Boise, for respondent. Brian R. Dickson argued.

_____

SCHWARTZMAN, Judge Pro Tem

After a dead buck mule deer was discovered in Valley County, Jeffrey J. Hughes was charged by information with felony wasteful destruction of wildlife, felony unlawful possession of wildlife, misdemeanor hunting or taking of wildlife without possessing the proper tag, and misdemeanor trespass in violation of warning signs. Hughes filed a motion to dismiss the two felony counts of the information, and the district court granted the motion without prejudice. The State appeals. For the reasons that follow, we affirm.

## I.

## FACTS AND PROCEDURE

An officer with the Idaho Fish and Game responded to a call about a potential trespasser in Valley County that was reported by a property owner (the caller). The caller reported that a truck with out-of-state license plates was parked near private property and that boot tracks in the snow indicated that a person left the vehicle and entered the property. The fish and game officer

met with the caller, and the officer observed the footprints in the snow leading from the vehicle to the private property. According to the officer, he moved his vehicle up the road and had the caller move his vehicle down the road, apparently watching for the individual to leave in the truck. After the caller relayed that the vehicle had driven past, the officer proceeded to an address in Valley County that was on file for the out-of-state truck, which was owned by Hughes. At the address, the officer met with Hughes, and Hughes confirmed that he had been at the private property, but informed the officer that he had been sighting in his rifle and scouting the area. After leaving the address, the officer contacted the caller and asked him to follow the tracks the next day and see if he could possibly locate an animal.

On the following day the caller informed the officer that he found something, and the officer made his way to the private property. According to the officer, he found a "5 by 5 mule deer buck stashed in the brush" and the officer noted that the animal had been field dressed and there was a gut pile nearby. The officer then collected the remains and interviewed Hughes the next day. During this interview, Hughes acknowledged shooting the deer and stated he planned to return to the private property with his son to retrieve the deer. The officer checked the Idaho Fish and Game database and determined that Hughes did not purchase a deer tag, although Hughes had the appropriate hunting license and two bear tags. The officer also did a Boone and Crockett assessment of the mule deer, determining that the animal had a Boone and Crockett score of 156.875 and was thus a trophy mule deer. *See* Idaho Code § 36-202(h)(1) (providing that a buck mule deer with a Boone and Crockett score of more than 150 points is a trophy mule deer).

Initially, the officer issued three citations to Hughes, asserting four violations in total. The first citation alleged that Hughes had committed a misdemeanor by trespassing in violation of warning signs in order to hunt. The second citation alleged that Hughes committed a misdemeanor by possessing an unlawfully taken "5x5 mule deer buck" and also alleged that Hughes committed a misdemeanor by hunting without a valid deer tag. The third citation alleged that Hughes committed misdemeanor wasteful destruction of a game animal.

Hughes was charged by an amended criminal complaint with felony wasteful destruction of wildlife, felony unlawful possession of wildlife, misdemeanor hunting or taking of wildlife without possessing the proper tag, and misdemeanor trespass in violation of warning signs.

Following a preliminary hearing, Hughes was bound over and charged by information with the same four counts.

Hughes filed a motion to dismiss or reform the information, contending in relevant part that the information failed to allege all facts essential to establish the charged offenses for the two felony counts. The district court, after a hearing, issued an order dismissing the felony counts without prejudice, but with leave for the State to file an amended complaint alleging all misdemeanor violations. Instead, the State filed an interlocutory notice of appeal. Prior to the assignment of the appeal to this Court, Hughes filed a motion with the Idaho Supreme Court to dismiss the appeal for lack of appellate jurisdiction. The Idaho Supreme Court denied the motion and the appeal was assigned to this Court.

## II.

## ANALYSIS

On appeal, the State argues that the district court erred by dismissing the two felony counts. Specifically, the State contends that the district court misinterpreted the plain language of the applicable statutes. Hughes argues that this Court lacks appellate jurisdiction to consider the State's appeal and that the district court correctly dismissed the felony counts.

### A. Appellate Jurisdiction

We initially address Hughes' contention that this Court lacks jurisdiction to hear this appeal. Hughes maintains that the State has not appealed from an appealable order, citing Idaho Appellate Rule 11(c). Hughes raised the same substantive arguments in a motion to dismiss the appeal that he filed with the Idaho Supreme Court. Prior to the assignment of the appeal to this Court, the Idaho Supreme Court entered an order denying the motion to dismiss. We do not have the authority to review and, in effect, reverse an Idaho Supreme Court decision on a motion made prior to assignment of the case to this Court on the ground that the Supreme Court decision was contrary to law. *See State v. Morgan*, 153 Idaho 618, 620, 288 P.3d 835, 837 (Ct. App. 2012). Such an undertaking would be tantamount to the Court of Appeals entertaining an appeal from an Idaho Supreme Court decision and is plainly beyond the purview of this Court. *Id.* Hence, we are unable to address the issue of appellate jurisdiction, as the Idaho Supreme Court has already spoken.

**B.     Interpretation of the Relevant Statutes and Sufficiency of the Information**

Hughes was charged with two felony counts under Idaho Code § 36-1401(c)(3).  Under that subsection, "Unlawfully killing, possessing or wasting of any combination of numbers or species of wildlife within a twelve (12) month period which has a single or combined reimbursable damage assessment of more than one thousand dollars ($1,000)" is a felony.  I.C. § 36-1401(c)(3).  In his motion to dismiss or reform the information, Hughes contended that the State failed to set forth facts essential to establish the offenses charged.  Specifically, Hughes asserted that the plain language of I.C. § 36-1404(a) did not apply a reimbursable damage assessment of more than $1,000 to the trophy mule deer "unless the animal was taken during the commission of a 'flagrant violation.'"

The district court granted Hughes' motion to dismiss.  It determined that for a mule deer to have a reimbursable damage assessment of $2,000, two conditions were necessary:  "First a defendant must plead guilty to or be convicted of a flagrant violation as described in I.C. § 36-1402(e).  In addition, the big game animal must be a trophy big game animal as defined in I.C. § 36-202(h)."  Further, the district court determined that the language of the two counts in the information was circular, given its interpretation of the statutes.

On appeal, the State argues that the district court's interpretation is incompatible with the plain language of the statute.  The State contends that because it had alleged facts and established probable cause that Hughes wasted and illegally possessed a trophy mule deer, it had alleged a reimbursable damage assessment of more than $1,000.  Specifically, the State maintains that because a trophy mule deer was involved, the reimbursable damage assessment is $2,000.

Whether a court lacks jurisdiction is a question of law, over which this Court exercises free review.  *State v. Jones*, 140 Idaho 755, 757, 101 P.3d 699, 701 (2004).  In a criminal case, the filing of an information alleging that an offense was committed within the state of Idaho confers subject matter jurisdiction.  *Id.* at 757-58, 101 P.3d at 701-02.  Because the information provides subject matter jurisdiction to the district court, its jurisdictional power depends on the charging document being legally sufficient to survive challenge.  Whether a charging document conforms to the requirements of law and is legally sufficient is also a question of law subject to free review.  *Id.*

A challenge asserting the charging information is jurisdictionally deficient is never waived and may be raised at any time, including for the first time on appeal.  *Id.* at 758, 101 P.3d

4

at 702. If an alleged deficiency is raised by a defendant before trial or entry of a guilty plea, the charging document must be found to set forth all facts essential to establish the charged offense to survive the challenge. *State v. Halbesleben*, 139 Idaho 165, 168, 75 P.3d 219, 222 (Ct. App. 2003).

Before looking at the information and the counts in the information, we begin with examination of the reimbursable damage assessment statute. This Court exercises free review over the application and construction of statutes. *State v. Reyes*, 139 Idaho 502, 505, 80 P.3d 1103, 1106 (Ct. App. 2003). Where the language of a statute is plain and unambiguous, this Court must give effect to the statute as written, without engaging in statutory construction. *State v. Burnight*, 132 Idaho 654, 659, 978 P.2d 214, 219 (1999); *State v. Escobar*, 134 Idaho 387, 389, 3 P.3d 65, 67 (Ct. App. 2000). The language of the statute is to be given its plain, obvious, and rational meaning. *Burnight*, 132 Idaho at 659, 978 P.2d at 219. If the language is clear and unambiguous, there is no occasion for the court to resort to legislative history or rules of statutory interpretation. *Escobar*, 134 Idaho at 389, 3 P.3d at 67.

The reimbursable damage assessment is provided for in I.C. § 36-1404(a).[1] Section 1404(a) provides two lists (or tables) of the applicable reimbursable damage assessment. The

---

[1] In relevant part, Idaho Code § 36-1404 provides:

UNLAWFUL KILLING, POSSESSION OR WASTE OF WILD ANIMALS, BIRDS AND FISH--REIMBURSABLE DAMAGES--SCHEDULE-- ASSESSMENT BY MAGISTRATES--INSTALLMENT PAYMENTS-- DEFAULT JUDGMENTS--DISPOSITION OF MONEYS.
(a) In addition to the penalties provided for violating any of the provisions of title 36, Idaho Code, any person who pleads guilty, is found guilty of or is convicted of the illegal killing or the illegal possession or illegal waste of game animals or birds or fish shall reimburse the state for each animal so killed or possessed or wasted as follows:
    1. Elk, seven hundred fifty dollars ($750) per animal killed, possessed or wasted.
    2. Caribou, bighorn sheep, mountain goat and moose, one thousand five hundred dollars ($1,500) per animal killed, possessed or wasted.
    3. *Any other species of big game, four hundred dollars ($400) per animal killed, possessed or wasted.*
    4. Wild turkey and swan, two hundred fifty dollars ($250) per bird killed, possessed or wasted.

first list applies to the "illegal killing or the illegal possession or illegal waste of game animals or birds or fish." I.C. § 36-1404(a). Relevant to this case, the reimbursable damage assessment for a mule deer under the first list is $400. *Id.* The second list provides the applicable reimbursable damage assessments for "flagrant violation[s] . . . involving the illegal killing, illegal possession or illegal waste of a trophy big game animal." *Id.* In such a case, the proper reimbursable damage assessment for a trophy mule deer would be $2,000.

An example of when the flagrant violation reimbursable damage assessment applies is found in *State v. Casano*, 140 Idaho 461, 95 P.3d 79 (Ct. App. 2004). Casano shot and killed a white-tailed deer after dark with the aid of a spotlight. Casano removed the head and antlers,

---

5. Sturgeon, chinook salmon, and wild steelhead, two hundred fifty dollars ($250) per fish killed, possessed or wasted.
6. Bull trout, one hundred fifty dollars ($150) per fish killed, possessed or wasted.
7. Any other game bird, game fish or furbearer, fifty dollars ($50.00) per animal killed, possessed or wasted.
*Provided further, that any person who pleads guilty, is found guilty of, or is convicted of a flagrant violation, in accordance with section 36-1402(e), Idaho Code, involving the illegal killing, illegal possession or illegal waste of a trophy big game animal as defined in section 36-202(h), Idaho Code, shall reimburse the state for each animal so killed, possessed or wasted, as follows*:
1. *Trophy mule deer: two thousand dollars ($2,000) per animal killed, possessed or wasted*;
2. Trophy white-tailed deer: two thousand dollars ($2,000) per animal killed, possessed or wasted;
3. Trophy elk: five thousand dollars ($5,000) per animal killed, possessed or wasted;
4. Trophy bighorn sheep: ten thousand dollars ($10,000) per animal killed, possessed or wasted;
5. Trophy moose: ten thousand dollars ($10,000) per animal killed, possessed or wasted;
6. Trophy mountain goat: ten thousand dollars ($10,000) per animal killed, possessed or wasted;
7. Trophy pronghorn antelope: two thousand dollars ($2,000) per animal killed, possessed or wasted;
8. Trophy caribou: ten thousand dollars ($10,000) per animal killed, possessed or wasted.

(emphasis added).

along with other body parts, but left an edible portion of the deer at the site of the killing. Idaho Fish and Game officials, using the measuring standards mandated by statute, subsequently determined that the deer was a trophy big game animal. On appeal, Casano raised a void-for-vagueness challenge to I.C. §§ 36-1401(c) and 36-1404(a). In our analysis we noted that the trophy animal involved and the flagrant violation invoked the higher reimbursable damage assessment:

> Taking a deer after sunset by spotlighting, as Casano did in this case, is a flagrant violation. See I.C. § 36-1402(e)(6). *Idaho Code Section 36-1404(a), in turn, provides the reimbursable damage assessment for a flagrant violation involving the illegal killing, possession, or wasting when the animal is a trophy big game animal*. A trophy big game animal is "any big game animal deemed a trophy as per Boone and Crockett standards." I.C. § 36-202(h). For a white-tailed deer to be considered a trophy big game animal, the highest of the typical or nontypical scores, using the Boone and Crockett standards, must exceed 130 points. I.C. § 36-202(h).

*Casano*, 140 Idaho at 464, 95 P.3d at 82 (emphasis added).

The State steadfastly maintains that the status of the animal as a trophy mule deer makes the illegally killing or wasting of the animal a per se felony. This argument, however, overlooks the plain language of the statute. A paragraph of text precedes each list in section 1404(a). The first list begins with a paragraph that provides that the list following it applies to each animal that is illegally killed, possessed, or wasted. I.C. § 36-1404(a) ("illegal killing or the illegal possession or illegal waste of game animals or birds or fish shall reimburse the state for each animal so killed or possessed or wasted as follows"). After the first list, the second list begins with a different block of text providing that for "*a flagrant violation*, in accordance with section 36-1402(e), Idaho Code, *involving* the illegal killing, illegal possession or illegal waste of *a trophy big game animal* as defined in section 36-202(h), Idaho Code, [a person] shall reimburse the state for each animal so killed, possessed or wasted, as follows." I.C. § 36-1404(a) (emphasis added). For the State's argument--that the trophy status of the mule deer increases the reimbursable damage assessment value per se--to be true, a trophy mule deer would need to be on the first list that applies to any illegal killing, possession, or waste. Yet, the plain language of section 1404(a) does not read this way. Rather, the statute is written in such a manner that there are two *distinct* lists of reimbursable damage assessments: one that applies to any illegal killing,

possession, or waste of the enumerated animals, and the second that applies to *flagrant violations* involving the illegal killing, possession, or waste of the enumerated *trophy* big game animals.

Thus, in order for the reimbursable damage assessment from the second list to be used in charging a violation under section 1401(c)(3), the State must allege a flagrant violation. Flagrant violations are enumerated in I.C. § 36-1402(e).[2] In this case, each felony count asserted that the flagrant violation was the felony under section 1401(c), as provided for in section 36-1402(e)(6). Count 1 of the information alleged,

> That the Defendant, JEFFREY J. HUGHES, on or about the 25th of October, 2012, in the State of Idaho, did unlawfully, through carelessness, neglect, or otherwise, allow or cause the waste of any game animal or portion thereof usually eaten by humans in violation of Idaho Code Section 36-1202 to wit: a mule deer, and in so doing did unlawfully waste wildlife with a single reimbursable damage assessment of more than one thousand dollars as provided in section 36-1404 Idaho Code to-wit: by wasting a trophy mule deer as defined in Idaho Code Section 36-202(h)(1) with a reimbursable value of two thousand ($2000) dollars and would constitute a FLAGRANT VIOLATION by committing a felony as provided in section 36-1401, Idaho Code.

Similarly, count 2 of the information alleged that the wildlife possessed by Hughes had a reimbursable damage assessment of more than $1,000 because Hughes "unlawfully possess[ed] a trophy mule deer as defined in Idaho Code Section 36-202(h)(1) with a reimbursable value of

---

[2]    The section enumerating the flagrant violations provides:

> (e) Flagrant Violations. In addition to any other penalties assessed by the court, the magistrate hearing the case shall forthwith revoke the hunting, fishing or trapping privileges, for a period of not less than one (1) year and may revoke the privileges for a period up to and including the person's lifetime, for any person who enters a plea of guilty, who is found guilty, or who is convicted of any of the following flagrant violations:
> > 1. Taking a big game animal after sunset by spotlighting, with use of artificial light, or with a night vision enhancement device.
> > 2. Unlawfully taking two (2) or more big game animals within a twelve (12) month period.
> > 3. Taking a big game animal with a rimfire or centerfire cartridge firearm during an archery or muzzleloader only hunt.
> > 4. Hunting, fishing, trapping or purchasing a license when license privileges have been revoked pursuant to this section or section 36-1501, Idaho Code.
> > 5. Taking any big game animal during a closed season.
> > 6. Any felony violation provided in section 36-1401, Idaho Code.

two thousand ($2000) dollars and would constitute a FLAGRANT VIOLATION by committing a felony as provided in section 36-1401, Idaho Code."

In order to state the essential facts of an I.C. § 36-1401(c)(3) violation, the prosecutor must allege that the defendant unlawfully killed, possessed, or wasted any combination of numbers or species of wildlife within a twelve-month period with a single or combined reimbursable damage assessment of more than $1,000. In this case, the prosecutor alleged that Hughes possessed, wasted, or both, a single mule deer. Further, the prosecutor alleged that the mule deer qualifies as a trophy mule deer and has a reimbursable damage assessment of $2,000. As discussed above, the $2,000 reimbursable damage assessment only applies to a trophy mule deer that was illegally killed, possessed, or wasted as part of a flagrant violation. Here, the alleged flagrant violation asserted is that the defendant committed a felony, I.C. § 36-1402(e)(6).

We note the problem, at this point, is that the information makes a circular allegation. In order to allege the essential facts of a felony, the prosecutor must plead a flagrant violation to invoke the trophy mule deer higher reimbursable damage assessment. However, the prosecutor could only allege that the flagrant violation was the felony itself. We would have to begin with the conclusion that Hughes committed a felony under section 1401(c)(3) in order to find a flagrant violation to then determine that the essential facts of a violation of section 1401(c)(3) were pled. Stated differently, under the facts alleged in the information, we must use the premise--that Hughes committed a felony--as proof of itself.[3]

If the information had alleged that Hughes killed, possessed, or wasted the mule deer by one of the acts enumerated in I.C. § 36-1402(e)(1-5), then the charged felony under I.C. § 36-1401(c)(3) would be appropriate since the mule deer also qualified as a trophy game animal, thus falling within the $2,000 reimbursable damage assessment. However, alleging that the flagrant violation necessary to invoke the higher reimbursable amount was "any felony violation provided in section 36-1401, Idaho Code," I.C. § 36-1402(e)(6) makes the charged felony the

---

[3]    This is an example of *petitio principii*. As Judge Aldisert articulated in *Edelson v. Soricelli*, 610 F.2d 131, 133 (3d Cir. 1979):

> The essence of our legal tradition is that the beginning point of legal reasoning, or, stated syllogistically, the major premise, must not be a statement of the suggested conclusion because to engage in this practice is to indulge in Petitio principii, more colloquially referred to as "begging the question." By whatever label, it is a process of circular reasoning that fails to prove the initial thesis propounded and uses the argued thesis as proof of itself.

basis for the flagrant violation. Such is the infirmity in the State's argument. Because of this circular reasoning, the State failed to set forth all facts essential to establish the charged felony offenses. No flagrant violation, as defined and required by statute, was properly alleged.

### III.

### CONCLUSION

In conclusion, the information filed by the prosecutor in this case as to felony counts 1 and 2 was jurisdictionally deficient. Accordingly, the district court correctly dismissed counts 1 and 2 of the information without prejudice. The district court's order is affirmed, and the case is remanded to the district court for further proceedings consistent with this opinion.

Judge GRATTON and Judge MELANSON, **CONCUR**.