## IN THE SUPREME COURT OF THE STATE OF IDAHO
### Docket No. 48109

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **Boise, November, 2020 Term** |
| | ) | |
| **Plaintiff/Respondent,** | ) | **Filed: February 5, 2021** |
| | ) | |
| **v.** | ) | **Melanie Gagnepain, Clerk** |
| | ) | |
| **JOHN ALLISON HUCKABAY** | ) | **SUBSTITUTE OPINION. THE** |
| | ) | **COURT'S PRIOR OPINION** |
| **Defendant/Appellant.** | ) | **DATED DECEMBER 3, 2020** |
| | ) | **IS HEREBY WITHDRAWN.** |

Appeal from the District Court of the First Judicial District of the State of Idaho, Kootenai County. Benjamin Simpson, District Judge.

The judgment of the district court is <u>affirmed</u>.

Lake City Law Group, Coeur d'Alene, attorneys for Appellant. Stephen R. Matthews, *pro hac vice* argued.

Lawrence G. Wasden, Idaho Attorney General, Boise, attorneys for Respondent. Kale Gans argued.

_____

BEVAN, Chief Justice

This case comes to the Court on a petition for review from the Idaho Court of Appeals. Defendant John Huckabay appeals his criminal conviction of felony unlawful possession of a moose. The primary question before this Court is one of statutory interpretation: whether Idaho Code section 36-1401(c)(3) requires the unlawful killing, possessing, or wasting of more than one animal to constitute a felony offense. For the following reasons, we hold that the statute can plainly apply to the unlawful killing, possessing, or wasting of a single animal.

### I. FACTUAL AND PROCEDURAL BACKGROUND

On the morning of October 2, 2014, a married couple heard a gunshot as they were packing up to leave their cabin by Mica Bay on Lake Coeur d'Alene. They soon left their cabin and encountered a large truck with a cow moose hoisted in the back on a metal frame. A man beside

the truck introduced himself as John Huckabay. At their inquiry, Huckabay told the couple he had a tag for the moose. The driver, still in the truck, introduced himself as "Bob" and was later identified as Bob Cushman, a local butcher and the owner of the vehicle. As the couple departed, the wife looked up Idaho's moose hunting season on her phone. Concerned of a potential hunting violation, the couple proceeded to the Idaho Department of Fish and Game's ("IDFG") regional office where they reported the shooting of an antlerless moose by a man named Huckabay.

An IDFG enforcement officer contacted Huckabay that same afternoon and they met at the IDFG regional office in Coeur d'Alene. While Huckabay did not give the IDFG officers information about Cushman or details about who specifically shot the moose, Huckabay accompanied a third officer to the area where the moose had been killed. There was "considerable blood" and some moose hair on the lawn of the "kill site," and Huckabay pointed out where the moose had been lying when he arrived on the scene to collect the carcass.

Meanwhile, that same afternoon, two enforcement officers obtained Cushman's address and visited his residence. Cushman has been a butcher in the area for years, and has a butcher shop and walk-in cooler on his property. He often permits customers and friends to use the walk-in cooler and cutting room. With Cushman's permission, the officers checked inside the cooler and found a skinned and quartered cow moose, which lacked the requisite tag. The officers also noted that the carcass was still "very warm," showing it had only recently been placed in Cushman's cooler. Cushman told the officers he did not know how the carcass came to be in his cooler. The officers took photographs and samples, with tests later confirming that the meat and blood samples from the carcass, kill site, and Cushman's truck all came from the same cow moose.

On March 1, 2017, a grand jury indicted Huckabay for felony unlawful killing or possession of a moose in violation of Idaho Code sections 36-1404(c)(3) and 36-1404(a)(2). Huckabay's indictment charged him with "UNLAWFUL KILLING OR POSSESSION OF A MOOSE, Idaho Code § 36-1401(c)(3), § 36- 1404(a)(2), a Felony," committed on October 2, 2014.

Huckabay moved to dismiss his indictment, arguing the evidence was insufficient to establish probable cause and the indictment lacked essential elements of the crime. He also filed additional motions to challenge a lack of jurisdiction. The district court denied Huckabay's motions, finding that the indictment was sufficient to establish probable cause that Huckabay possessed the moose even if there was insufficient evidence to establish he killed the moose in question. The State then amended the indictment to read: "That the Defendant, JOHN ALLISON

HUCKABAY, on or about October 2, 2014, in the County of Kootenai, State of Idaho, did unlawfully possess a wild animal with a single damage assessment of more than one thousand dollars ($1,000.00), to-wit: A cow moose in a closed season and/or without a tag, . . . " Huckabay sought to dismiss the amended indictment, arguing that a single moose did not constitute a felony violation under Idaho law, but the district court again denied his motion. Huckabay also filed a motion for permission to appeal the statutory interpretation and vagueness issues. This was also denied. The district court explained that the law plainly permitted a felony where the damage value assessment exceeded $1,000, including where a single animal had been killed or possessed.

The case proceeded to a two-day jury trial and on February 7, 2018, the jury found Huckabay guilty of unlawful possession of a moose in violation of Idaho Code section 36-1401(c)(3). Huckabay immediately filed a motion to dismiss, which was denied. The district court sentenced Huckabay with a $1,500 civil penalty, imposed a $25,000 fine, revoked his Idaho hunting and fishing license for three years, and set a prison sentence of one year fixed, one year indeterminate, which was suspended for two years. The district court then placed Huckabay on probation and ordered him to serve 30 days of local incarceration within three months of sentencing. Huckabay timely appealed his conviction.

The case first came to the Idaho Court of Appeals, which held "that I.C. § 36-1401(c)(3) requires the unlawful killing, possessing, or wasting of more than one animal to constitute a felony offense." *State v. Huckabay*, No. 46085, 2020 WL 597047, at *1 (Idaho Ct. App. Feb. 7, 2020), *review granted* (June 23, 2020). Its decision centered on interpreting the language of the statute to mean "two or more" numbers or species of wildlife. *Id*. at *4. Thus, the court concluded, the district court erred in construing the statute and should have granted Huckabay's motion to dismiss. *Id*. at *1. The Court of Appeals then reversed the district court's order and vacated the judgment of conviction. *Id*. The State timely petitioned this Court for review.

## II. STANDARD OF REVIEW

Where a case comes before this Court on a petition for review, we give "serious consideration to the views of the Court of Appeals, but directly review[] the decision of the lower court." *State v. Purdum*, 147 Idaho 206, 207, 207 P.3d 182, 183 (2009) (quoting *State v. Oliver*, 144 Idaho 722, 724, 170 P.3d 387, 389 (2007)).

The rules of statutory interpretation are well established. Statutory interpretation is a question of law freely reviewed by this Court. *State v. Burke*, 166 Idaho 621, ___, 462 P.3d 599,

3

601 (2020). We interpret a statute with its literal language to "giv[e] words their plain, usual, and ordinary meanings." *Id.* However, a statutory provision is not interpreted in isolation; rather, it is interpreted "within the context of the whole statute." *Id.* This means we give effect "to all the words and provisions of the statute so that none will be void, superfluous, or redundant." *Id.* When applying these criteria, "we must also remember that 'statutes which are *in pari materia* are to be taken together and construed as one system, and the object is to carry into effect the intention. It is to be inferred that a code of statutes relating to one subject was governed by one spirit and policy, and was intended to be consistent and harmonious in its several parts and provisions." *State v. Lantis*, 165 Idaho 427, 429, 447 P.3d 875, 877 (2019) (quoting *City of Idaho Falls v. H-K Contractors, Inc.*, 163 Idaho 579, 583, 416 P.3d 951, 955 (2018) (internal citation omitted)). In addition, this Court does not implement the rules of statutory construction unless the language is ambiguous, which occurs where "reasonable minds might differ or be uncertain as to [the statute's] meaning." *City of Idaho Falls v. H-K Contractors, Inc.*, 163 Idaho at 582, 416 P.3d at 954.

### III. ANALYSIS

The key issue on appeal is whether Idaho Code section 36-1401(c)(3) requires the possessing of two or more animals to constitute a felony violation. Both parties argue that the statute is plain and unambiguous. We agree with the State that the statute is a broad and inclusive prohibition of the unlawful killing, possessing, or wasting of any wildlife where the reimbursable damage assessment exceeds $1,000.

Title 36, chapter 14 of the Idaho Code enumerates the general penal provisions for violations of the state's fish and game laws. The statute under which Huckabay was charged establishes the requirements for a felony violation where there is unlawful killing, possessing, or wasting of wildlife:

> (c) Felonies. Any person who pleads guilty to, is found guilty or is convicted of a violation of the following offenses shall be guilty of a felony:
>
> . . .
>
> 3. Unlawfully killing, possessing or wasting of any combination of numbers or species of wildlife within a twelve (12) month period which has a single or combined reimbursable damage assessment of more than one thousand dollars ($1,000), as provided in section 36-1404, Idaho Code.

I.C. § 36-1401(c)(3) (2014). Idaho Code section 36-1404(a) values a moose at $1,500 and a trophy moose at $10,000. I.C. § 36-1404(a). Thus, the possession of any single moose—trophy or not—

4

exceeds the base reimbursable damage assessment required under Idaho Code section 36-1401(c)(3). The question remains, however, whether multiple animals are also required. Importantly, we note that we are reviewing the language of section 36-1401(c)(3) as it existed in 2014 when Huckabay was alleged to have committed his crime. This statute was amended by the Idaho Legislature in 2020 in response to the Court of Appeals decision in this case. *See* Ch. 216, § 1, 2020 Idaho Sess. Laws 216, eff. March 19, 2020; *Statement of Purpose*, H.B. 528, Idaho Legis. (Idaho 2020). We note this statutory change only for clarity in the record. The 2020 amendment played no role in the Court's analysis of this opinion.

The interpretation of Idaho Code section 36-1401(c)(3) is an issue of first impression for this Court. In turning to the statute, we read the language as a whole, giving words their plain and ordinary meanings. *State v. Burke*, 166 Idaho at ___, 462 P.3d at 601. One provision cannot be read to render other sections absurd or superfluous. *Id.* As a result, we read the "any combination of numbers or species of wildlife" provision alongside the rest of the statute, which specifies that the unlawfully possessed wildlife must have "*a single or combined* reimbursable damage assessment of more than one thousand dollars ($1,000), . . . " I.C. § 36-1401(c)(3) (2014) (emphasis added). A "single" damage assessment shows that a felony violation can occur with a single animal, while a "combined" reimbursable damage assessment would only occur in scenarios involving either multiple numbers or species of wildlife. For instance, if two bighorn sheep were unlawfully killed, they would have a *combined* reimbursable damage assessment with each animal contributing its worth to the total damages. If a *single* moose were unlawfully killed, it would have a *single* reimbursable damage assessment exceeding $1,000. Indeed, the reimbursable damage assessments are calculated "*per* animal killed, possessed or wasted," under Idaho Code section 36-1404(a) (emphasis added). Thus, the statute as a whole does not focus on the total number of animals possessed or killed, nor the species affected. Instead, section 36-1401(c)(3)'s language directs to, and relies on, the monetary value of the wildlife killed, possessed, or wasted—an amount that could be achieved by the possession of a single animal—in determining felony status. *See* I.C. § 36-1401(c)(3) (2014).

The need for this value requirement is also highlighted in examples of various poaching scenarios. One such hypothetical was presented by the State to showcase the effects of Huckabay's interpretation. In that hypothetical, a hunter could kill a trophy moose and common squirrel with very different effects. The death of a trophy moose alone would result in a misdemeanor, despite

its singularly high value of $10,000, while the deaths of both a trophy moose and squirrel would result in a felony despite the squirrel's estimated value at $0. No change is made to the total assessed damages of $10,000 in these scenarios. Rather, only the number of animals killed on the illegal hunt changes. Taking this a step further, a similar analysis shows that a hunter could proceed to hunt down a squirrel ($0), rabbit ($50), duck ($50), and two wild turkeys ($500 total) with only a misdemeanor poaching prosecution to follow, despite the higher variety and numbers of species killed. However, killing either a trophy moose ($10,000) or deer ($2,000), for instance, would raise the charges to a felony under Idaho law. *See* I.C. §§ 36-1401(c)(3), 36-1404(a). Running through these scenarios emphasizes the statute's enduring focus on the "single or combined reimbursable damage assessment of more than one thousand dollars ($1,000)" rather than a requirement for a hunter to simply shoot two or more "of any combination" of species. I.C. § 36-1401(c)(3) (2014).

Indeed, the provision "any combination of numbers or species of wildlife" is broad language to incorporate all species, in any amount, of valued wildlife as a potential felony violation. *See* I.C. § 36-1401(c)(3) (emphasis added). The words "combination," "numbers," and "species" were used in the plural to expand the statute to include more wildlife, not to exclude a hunter who poaches a single high-value game animal.

Thus, the most reasonable reading of the statute permits a felony charge where any number of wildlife—including a single animal—is unlawfully killed, possessed, or wasted, and exceeds a single or combined reimbursable damage value of $1,000. To read the law as Huckabay would creates a situation in which a hunter can be prosecuted only for felony unlawful possession of a moose where he has also possessed a second creature, regardless of its value or lack thereof. Such an interpretation largely disregards the legislature's carefully enumerated wildlife values and undermines the statute's value-based scheme. We, however, will not construe a statute to mean something it does not say. *Verska v. Saint Alphonsus Reg'l Med. Ctr.*, 151 Idaho 889, 895, 265 P.3d 502, 508 (2011).

Both parties also cite a case similar to Huckabay's situation, *State v. Hughes*, 161 Idaho 826, 392 P.3d 4 (Ct. App. 2014), where a hunter moved to dismiss two felony charges for unlawfully wasting and possessing a single trophy mule buck deer. 161 Idaho at 828–29, 392 P.3d at 6–7. Like this case, the *Hughes* defendant brought a jurisdictional claim based on the plain language of the statute, arguing that the State failed to set forth facts essential to establish the felony offenses charged. *Id.* at 829, 392 P.3d at 7. However, the argument in *Hughes* focused on

6

the plain language of the reimbursable damage assessment lists—one for enumerated wildlife and a second for flagrant violations for killing, possessing, or wasting enumerated trophy big game. *Id.* at 831–32, 392 P.3d at 9–10. These two separate lists, the Idaho Court of Appeals concluded, required the State to allege a flagrant violation where "the reimbursable damage assessment from the second list [is] to be used in charging a violation under section 1401(c)(3)." *Id.* Thus, the court rejected the State's circular reasoning that the charged felony was the required flagrant violation to charge Hughes with a felony violation. *Id.* at 832, 392 P.3d at 10. The court then affirmed the district court's dismissal of the felony charges for jurisdictional deficiencies. *Id.* at 833, 392 P.3d at 10.

Huckabay specifically points to the *Hughes* court's summary of Idaho Code section 1401(c)(3) to support his argument that the statute requires the taking of multiple animals for a felony violation:

> In order to state the essential facts of an I.C. § 36–1401(c)(3) violation, the prosecutor must allege that the defendant unlawfully killed, possessed, or wasted any combination of numbers or species of wildlife within a twelve-month period with a single or combined reimbursable damage assessment of more than $1,000.

*Id.* at 832, 392 P.3d at 10. This summary does nothing to clarify the statute. Rather, it simply restates the provision's language in question. Moreover, Huckabay ignores the court's additional statements that had the charging documents appropriately alleged a flagrant violation, then the State *could* have charged Hughes under Idaho Code section 36–1401(c)(3) for the unlawful possession of a *single* mule deer.

> If the information had alleged that Hughes killed, possessed, or wasted the mule deer by one of the acts enumerated in I.C. § 36–1402(e)(1–5), then the charged felony under I.C. § 36–1401(c)(3) would be appropriate since the mule deer also qualified as a trophy game animal, thus falling within the $2,000 reimbursable damage assessment.

*Id.* at 833, 392 P.3d at 11. While section 36–1401(c)(3)'s language was not directly interpreted or addressed in *Hughes*, this assessment showcases the appellate court's plain reading of the statute to permit a felony where a single trophy mule deer had been killed. In other words, the text was clear to the court—as it is to us—that a single animal's unlawful possession constitutes a felony because it was valued at over $1,000.

We conclude that Idaho Code section 36-1401(c)(3) is plain and unambiguous. In reading the statute as a whole, the law provides a felony violation occurs when wildlife is unlawfully killed,

possessed, or wasted and its reimbursable damage assessment exceeds $1,000. Thus, the indictment appropriately charged Huckabay with a felony offense under Idaho Code section 36-1401(c)(3).

Apart from his claim that section 36-1401(c)(3) requires more than one animal, Huckabay raises several jurisdictional and due process arguments. First, Huckabay argues that the State needed to allege, then prove, that he *knew* the moose he was alleged to be possessing was killed in a closed season and/or without a tag in order to satisfy the statute's requirement that he "unlawfully" possessed the moose. Huckabay contends the amended indictment was jurisdictionally deficient because it did not include the essential element that "Huckabay knew that the moose had been taken or killed during a closed season, without a tag, or by an unauthorized method." However, section 36-1401(c)(3) does not require any "knowing" or "intentional" act; rather, the statute criminalizes "[u]nlawfully killing, possessing, or wasting" of certain wildlife. The legislature demonstrated its ability to include a knowledge element earlier in the statute, criminalizing "[k]nowingly and intentionally selling or offering" certain wildlife. *See* I.C. § 36-1401(c)(1). Huckabay's attempt to read a knowledge requirement into section 36-1401(c)(3) is not supported by a plain reading of the statute.

In a similar vein, Huckabay complains that the State's interpretation of section 36-1401(c)(3), which we have now adopted, results in a strict liability scheme that does not comport with due process. However, the extent of Huckabay's argument in his opening brief is that "due process does not allow Huckabay to be convicted of a felony involving the possession of a moose based on strict liability or ordinary negligence." It is well established that this Court "will not consider an issue not 'supported by argument and authority in the opening brief.' " *Bach v. Bagley*, 148 Idaho 784, 790, 229 P.3d 1146, 1152 (2010) (quoting *Jorgensen v. Coppedge*, 145 Idaho 524, 528, 181 P.3d 450, 454 (2008)). Since Huckabay's strict liability argument was merely mentioned in passing, we decline to consider it on appeal.

Next, Huckabay asserts several due process violations occurred at the grand jury proceedings and then continued through the amendments of the indictments. Specifically, Huckabay claims the prosecutor improperly expressed his opinion about the sufficiency of the evidence, that a Fish and Game officer provided erroneous testimony, and that the prosecutor erroneously instructed the grand jury. In making these arguments, Huckabay overlooks our precedent that "[a]lleged errors in a grand jury proceeding will not be examined on appeal where

8

the defendant has been found guilty following a fair trial." *State v. Grazian*, 144 Idaho 510, 517, 164 P.3d 790, 797 (2007), *abrogated on other grounds by Verska v. Saint Alphonsus Reg'l Med. Ctr.*, 151 Idaho 889, 265 P.3d 502 (2011). *See also State v. Mitchell*, 104 Idaho 493, 500, 660 P.2d 1336, 1343 (1983) ("we hold that even if the magistrate erred in relying on evidence at the preliminary hearing that is ultimately determined to be inadmissible, the error is not a ground for vacating a conviction where the appellant received a fair trial and was convicted, and there is sufficient evidence to sustain the conviction."); *State v. Marsalis*, 151 Idaho 872, 875, 264 P.3d 979, 982 (Ct. App. 2011). Huckabay received a fair trial on the merits, thus, any errors that occurred during the grand jury proceedings are not reviewable on appeal.

Last, Huckabay claims that an interpretation of section 36-1401(c)(3) that permits a felony charge where any number of wildlife—including a single animal—is unlawfully killed, possessed, or wasted, results in inconsistencies within Title 36. In support of this claim, Huckabay cites to Idaho Code section 36-1402(c), which provides misdemeanor penalties for the illegal taking, possession, and wasting big horn sheep, mountain goat, and moose. Huckabay argues the only way to read the statutes consistently is to conclude it is a misdemeanor to possess a single animal under section 36-1402(c), and a felony to possess a combination of species in section 36-1401(c)(3). However, this argument does not account for the following language in section 36-1402(c) that harmonizes the statutes:

> Any person entering a plea of guilty for, found guilty of or convicted of a misdemeanor under the provisions of this title or rules or proclamations promulgated pursuant thereto shall, **except in cases where a higher penalty is prescribed**, be fined in a sum of not less than twenty-five dollars ($25.00) nor more than one thousand dollars ($1,000) and/or by commitment to jail for not more than six (6) months. The minimum fine, per animal, fish or bird, for the illegal taking, illegal possession or the illegal waste of the following animals, fish or birds shall be as indicated below . . . minimum fine . . . Moose . . . $500.

I.C. § 36-1402(c) (emphasis added). There is clearly a higher penalty prescribed for the unlawful possession of a moose under Idaho Code section 36-1401(c)(3). Thus, our interpretation of section 36-1401(c)(3) does not result in any conflict between the statutes. Ultimately, we affirm the district court and hold that the plain meaning of Idaho Code section 36-1401(c)(3), as it existed at the time of the offense charged in this case, permitted a felony violation where a hunter unlawfully kills, possesses, or wastes any quantity of wildlife with a reimbursable damage assessment of more than $1,000.

## IV. CONCLUSION

The district court judgment is affirmed.

Justices BURDICK, BRODY, STEGNER and MOELLER CONCUR.